UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT R.,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

        Defendant.

CASE NO. C18-6020-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1966.[2] He has two years of college education, and previously worked in store fixture design and manufacturing, and in project management for balcony

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

manufacturing. (AR 244, 280.)

Plaintiff applied for DIB in April 2016. (AR 113, 232-33.) That application was denied and Plaintiff timely requested a hearing. (AR 128-30, 134-41.)

On March 8, 2018, ALJ Gerald Hill held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 49-100.) On June 28, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 17, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since November 19, 2015, the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's seizure disorder, asthma, and chronic obstructive pulmonary disease. (AR 17-19.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

performing light work, with additional limitations: he can stand/walk for four hours out of an eight-hour workday. He can frequently push/pull with the right arm. He can frequently climb ramps and stairs, and kneel. He can never climb ladders, ropes, or scaffolds. He can occasionally stoop and crawl. He can frequently reach overhead with the right upper extremity. He should avoid concentrated exposure to pulmonary irritants and even moderate exposure to hazards. (AR 20.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as a contract administrator, production superintendent, and project manager, as actually and generally performed. (AR 26.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to fully develop the record, (2) discounting his

subjective symptom testimony; and (3) assessing certain medical evidence and opinions.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Duty to develop the record

At the hearing, counsel represented to the ALJ that the record was complete and that there was no "need to keep the record open" after the hearing. (AR 52.) Plaintiff also informed the ALJ at the hearing that the following week he was scheduled to undergo five days of EEG monitoring to investigate his seizures. (AR 57-58.) Plaintiff now argues that the ALJ had a duty to obtain the EEG monitoring report after the hearing, although he did not request relief under sentence six of 42 U.S.C. § 405(g) or submit the report himself to the Court. Dkt. 12 at 3.

The Commissioner notes that Plaintiff is obligated to submit all evidence that supports his claim for disability, and argues that Plaintiff cannot shift that obligation to the ALJ via the duty to develop the record. Dkt. 13 at 3 (citing 20 C.F.R. §n 404.1512(a); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Plaintiff relies on *Sims v. Apfel* in both his opening and reply briefs, but this case does not qualify or even address a claimant's duty to submit all relevant evidence. *See* 530 U.S. 103 (2000). Plaintiff has cited no authority that supports his argument here, that the ALJ was required to seek additional evidence despite counsel's representation that the record was complete, in the absence of Plaintiff's submission of the relevant evidence. Because the ALJ reviewed the entire record before him, and counsel represented to the ALJ that that record was complete, the Court finds that the ALJ's duty to further develop the record was not triggered. *See Mayes v.*

---

[3] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 18-19. Accordingly, these issues need not be analyzed separately.

*Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that an "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence").

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective symptom testimony for a number of reasons, including (1) inconsistencies between Plaintiff's allegations and the objective neurological, cognitive, respiratory, and musculoskeletal testing; (2) evidence of improvement with treatment; (3) his receipt of unemployment benefits after his alleged onset date; (4) the fact that he engaged in more activities than one would expect from a person claiming disability; and (5) evidence suggesting that he was not working for reasons unrelated to his impairments. (AR 21-24.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first argues that the ALJ overlooked certain medical evidence in finding the medical record to be inconsistent with his allegations. Dkt. 12 at 10-11. The evidence cited by Plaintiff does not mention any specific functional limitations, and thus does not show that the ALJ failed to discuss evidence relevant to the disability determination. *Id.* (citing AR 365, 370, 374, 381, 387-88, 398, 419). That Plaintiff had various symptoms or diagnoses, as mentioned in the evidence he cites, does not undermine the ALJ's conclusions based on objective testing. Plaintiff has failed to show that the ALJ erred in interpreting the medical record to show inconsistencies between Plaintiff's allegations and the neurological, cognitive, respiratory, and musculoskeletal testing, or in discounting his testimony on that basis. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Plaintiff goes on to argue that the ALJ erred in discounting his testimony based on evidence that his seizures improved with treatment, because he continued to have symptoms and limitations even while taking his medication. Dkt. 12 at 10. The ALJ did not state that Plaintiff experienced no limitations while using medication; the RFC assessment accounts for significant limitations even assuming medication compliance. Nonetheless, the ALJ did not err in considering the extent to which Plaintiff's symptoms were amenable to treatment. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Plaintiff next challenges the ALJ's reliance on Plaintiff's activities as a basis for discounting his allegations. The ALJ described many of Plaintiff's activities and concluded that he was not as limited as alleged if he could engage that range of activities. (AR 24.) The Court agrees with Plaintiff that a summary of activities does not demonstrate either contradiction with Plaintiff's allegations or the existence of transferable work skills, and thus does not constitute a valid reason to discount Plaintiff's allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). This error is harmless, however, in light of the other valid reasons provided by the ALJ for discounting Plaintiff's testimony. *See Carmickle*, 533 F.3d at 1162-63.

Plaintiff also argues that the ALJ erred in discounting his testimony based on his receipt of unemployment benefits during the period he claimed to be disabled. (AR 24.) Although Plaintiff cites evidence suggesting that receipt of unemployment benefits is not necessarily inconsistent with a benefits application (see Dkt. 12, Ex. A), in Washington a person must certify that he or she is ready, willing and able to work to receive unemployment benefits. *See* RCW 50.20.010*;*

*Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim for disability, as it shows an applicant holds himself out as capable of working."). Plaintiff has not shown error in this portion of the ALJ's reasoning.

Lastly, Plaintiff argues that the ALJ erred in relying on his statement that he turned down a job offer because the commute was too long, and that he decided he would rather find a job closer to home. (AR 24.) The ALJ found that this statement suggested that Plaintiff was unemployed because of his preference, rather than because of his impairments. (*Id.*) Plaintiff contends that the ALJ overlooked that his seizure disorder limited his ability to drive and that his medications caused memory and pace problems. Dkt. 12 at 11-12. Even if that is true, it has no bearing on the ALJ's rationale. Plaintiff did not say that he could not perform the job because he could not drive there or because his memory and pace problems would have gotten in the way; he stated that he believed the commute "wasn't worth it." (AR 435; see also AR 63.) The ALJ's interpretation of this evidence is reasonable, and he did not err in discounting Plaintiff's testimony on that basis. *See* Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.").

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective testimony, the ALJ's assessment of that testimony is affirmed.

## Medical evidence

Plaintiff argues that the ALJ erred in assessing the opinion of a consultative examining psychologist, Lezlie Pickett, Ph.D., and treating physician's assistant Ryan McMeans, PA-C.

### Legal standards

In general, more weight should be given to the opinion of a treating physician than to a

non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

<u>Dr. Pickett</u>

Dr. Pickett examined Plaintiff in August 2016 and wrote a narrative report describing his symptoms and limitations. (AR 432-38.) At one point in Dr. Pickett's report, she mentioned that Plaintiff "reported experiencing significant deficits in memory testing," but indicated that her testing showed no memory impairment. (AR 437.) Dr. Pickett opined that Plaintiff's "perceived difficulties with memory do not appear due to an actual underlying clinical impairment in memory/brain functioning[,]" and she speculated that other factors (such a stress, lack of sleep, exhaustion, pain, or medications) could be causing him to perceive memory problems in his daily life. (*Id*.)

Plaintiff argues that the ALJ erred in failing to account for any memory deficits in the RFC assessment (Dkt. 12 at 5), but this argument is not supported by the entirety of Dr. Pickett's opinion. She indicated that Plaintiff's "perceived difficulties" in memory were not corroborated by testing and were not caused by an underlying memory impairment. (AR 437.) As such, the ALJ properly omitted those alleged symptoms from the RFC assessment, because they were not linked to a clinical impairment. *See* 20 C.F.R. § 404.1545(e) (indicating that an ALJ's RFC assessment must consider the limiting effects of Plaintiff's *impairments*).

Mr. McMeans

Mr. McMeans began treating Plaintiff in July 2017 and completed a form opinion regarding his seizures in February 2018. (AR 616-20.) Mr. McMeans noted that he could not objectively describe Plaintiff's seizures because Plaintiff had yet to undergo seizure monitoring, and thus his opinion was based only on Plaintiff's self-report. (AR 616.) Nonetheless, Mr. McMeans opined that Plaintiff's seizures were precipitated by exertion, and thus Plaintiff was limited to standing/walking for about two hours per day and sitting about four hours per day, and that he could lift less than 10 pounds frequently, and 10-20 pounds occasionally. (AR 618.)

The ALJ discounted Mr. McMeans's opinion for several reasons. First, the ALJ noted that Mr. McMeans's opinion was based on Plaintiff's description of seizures rather than objective evidence, and the ALJ found that the objective evidence in the record regarding Plaintiff's seizures contradicted Mr. McMeans's opinion. (AR 25.) The ALJ also found the exertional limitations provided by Mr. McMeans to be inconsistent with the evidence of essential unremarkable physical exams. (*Id.*) Lastly, the ALJ noted that Mr. McMeans is not an acceptable medical source, and the ALJ gave more weight to opinions written by acceptable medical sources in light of their superior training and expertise. (*Id.*)

Plaintiff argues that even if Mr. McMeans's opinion was not based on objective evidence related to his seizures, he also opined as to the effects of other conditions. Dkt. 12 at 8. This argument is not supported by the content of Mr. McMeans's opinion: the form asked Mr. McMeans if Plaintiff had any conditions other than seizures, and Mr. McMeans left blank that portion of the form. (AR 616.) In another part of the form, Mr. McMeans non-responsively listed other conditions that apparently Plaintiff has (AR 619), but he did not link any of those conditions to the specific limitations described in the rest of the form; the form is explicitly focused on limitations

caused by seizures. (AR 616-20.) The ALJ did not err in discounting Mr. McMeans's opinion as based on Plaintiff's subjective reporting of seizures, where the ALJ properly discounted Plaintiff's subjective reporting, as discussed *supra*. *See Bray v. Comm'r of Social Sec. Admin.*, *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Plaintiff also posits that there are objective examination notes that do support Mr. McMeans's opinion, even if the record also contains the "unremarkable physical exams of treatment providers[,]" as found by the ALJ. Dkt. 12 at 8. Plaintiff does not cite any of this objective support, however. Although he alludes to support found in Mr. McMeans's treatment notes (Dkt. 12 at 8), those notes do not contain any testing of Plaintiff's exertional capabilities. (*See* AR 590-599.) Plaintiff has not established that the ALJ's interpretation of the evidence is unsupported by substantial evidence, and thus has failed to show error.

Lastly, Plaintiff argues that Mr. McMeans's status as a non-acceptable medical source is not by itself a reason to discount his opinion. Dkt. 12 at 8. Even assuming that is true, it is not the only reason provided by the ALJ for discounting Mr. McMeans's opinion, and thus Plaintiff has failed to show harmful error in this portion of the ALJ's assessment.

### Lay evidence

Plaintiff's wife testified at the administrative hearing and submitted a written third-party function report. (AR 78-87, 264-71.) The ALJ characterized Plaintiff's wife testimony as consistent with Plaintiff's testimony, and explained that he discounted her testimony as

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

inconsistent with the medical evidence, the medical opinions, and Plaintiff's activities. (AR 25.)

The ALJ relied on those same reasons, along with other reasons, to discount Plaintiff's testimony, as discussed *supra*. Plaintiff himself agrees that his wife's testimony supports his own testimony. Dkt. 12 at 17. But because the ALJ provided sufficient reasons to discount Plaintiff's testimony, that reasoning applies with equal force to Plaintiff's wife's admittedly similar testimony. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 11th day of October, 2019.

Mary Alice Theiler
United States Magistrate Judge